Morgan, J.
The Boulder district court rendered judgment on a verdict for the aggregate amount of $1,000 upon plaintiff’s three separate claims for damages caused by the seepage of the water from defendant’s irrigating canal upon the land of plaintiff, and two neighbors who assigned their claims to him, destroying the vegetation and injuring the soil and improvements, and thus lessening the value of the property. The defendant appeals. The judgment should be affirmed.
The appellant contends there was not “that preponderance of the evidence” to show negligence that the law requires in such instances. Of this question the evidence was conflicting, and the court instructed the jury that the “burden is upon the plaintiff to prove his alleged causes of action by the preponderance of the evidence,” and to prove that “defendant’s negligence was the proximate cause of the seepage, and that the property was injured thereby,” and then defined preponderance; therefore, this contention is without merit.
It is further contended that witnesses were permitted to testify concerning the value of the property damaged, without sufficient qualification as to their knowledge. Their testimony was, that they lived and owned property in that vicinity at, and for several years prior to, the time at which the values were in question, that they knew the property involved, knew of sales being-made and prices received for other property and that *379 they knew what such value was. One witness had been a députy assessor there for four years, and one had bought and sold property there for twenty years. This was sufficient.
It is further contended that the court erred in instructing the jury, upon the question of damages, that-— the measure thereof is the difference between the market value of the property damaged immediately prior to the time when the damage occurred and such value at the time the suit was begun, without further instructing the jury or calling their attention in any way to the depreciation in the value of the property caused by closing the mines near the place where the property is situated and the moving away from such vicinity of a number of the inhabitants thereof. This contention would be well founded, under this instruction (which should have limited the measure of damage to the difference, caused by seepage, between the market value immediately before the damage occurred and immediately after the final culmination thereof), if the testimony introduced by the defendant concerning such depreciation had been sufficiently definite in its character upon which to base such an instruction, and also if the defendant had requested the court, at the time, to instruct the jury in this regard, instead of merely objecting and excepting to the instruction given, without suggesting this feature'. The evidence as to the wet condition of the land, damaged, from the beginning of the seepage, toward the commencement of the action, reasonably warranted the form of the instruction, but it may readily be comprehended that this instruction, given without calling the jury’s attention to the depreciation in the value by other things than that complained of by the plaintiff, would be erroneous, if such depreciation clearly appeared from the testimony, in a definite and ascertainable form, and if the court had been requested to so instruct the jury, .and did not in any other way cure *380 the defect; but tbe evidence did not establish anything more than the closing of the mines and the consequent decrease in the population and values. It was not shown to what extent property had depreciated for this reason.
The objection to this instruction was upon the sole ground that it was incorrect as to the measure of damages, and no instruction was tendered covering the defect, nor was the court’s attention called to it. The court, however, instructed the jury in one or two instances that they must base their verdict upon the damages sustained on account of seepage from defendant’s ditch; thus curing the defect complained of.
There was no reversible error committed by the lower court, and no substantial right denied the appellant, and, mindful of the statute requiring a disregard of all errors that do not go to the substantial rights of the parties, the judgment of the lower court is affirmed.

Affirmed.